UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA,**<br><br>Plaintiff,<br><br>vs.<br><br>**CHRISTOPHER PAYNE,**<br><br>Defendant. | **2:23-CR-20388-TGB-EAS**<br><br>HON. TERRENCE G. BERG<br><br>**ORDER DENYING CHRISTOPHER PAYNE'S MOTION TO VACATE HIS SENTENCE UNDER 28 U.S.C. § 2255**<br><br>**(ECF NO. 34)** |

Christopher Payne moves the Court to vacate, pursuant to 28 U.S.C. § 2255, his 34 month sentence for being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g). His Motion, ECF No. 34, is **DENIED**.

Payne appears to argue that he received ineffective assistance of counsel because his attorneys failed to make a motion on his behalf that 18 U.S.C. § 922(g) was unconstitutional under *New York State Rifle & Pistol Ass'n, Inc. v. Bruen*, 597 U.S. 1 (2022). *See* ECF No. 34, PageID.271, PageID.273. But counsel is not ineffective when conduct is reasonable at the time, *Strickland v. Washington*, 466 U.S. 668, 689 (1984), and counsel is not ineffective when they do not file futile motions. *See Downs v. United States*, 879 F.3d 688, 691 (6th Cir. 2018).

Payne was sentenced on February 22, 2024, ECF No. 28, PageID.198, before the Sixth Circuit issued their decision in *United States v. Williams*, 113 F.4th 637, 662 (6th Cir. 2024). Before then, courts in this district consistently held that 18 U.S.C. § 922(g) was lawful under the Constitution without need for further analysis. *See United States v. Nelson*, 680 F. Supp. 3d 827, 834 (E.D. Mich. 2023). It would have been futile at the time of Payne's sentencing to move for the dismissal of his 18 U.S.C. § 922(g) charge, so his counsel was not ineffective for not filing such a motion. *See Downs*, 879 F.3d at 691.

Payne also argues that his counsel did not "seek variance for [his] stolen firearm enhancement[.]" ECF No. 34, PageID.271. Payne does not explain why this omission makes his counsel's performance ineffective, especially considering that the Presentence Investigation Report states that the firearm in question "was reported stolen by Michigan City Police Department." ECF No. 24, PageID.142.

Finally, Payne argues that his sentence should be vacated because as applied to him, 18 U.S.C. § 922(g) violates his Second Amendment Rights. ECF No. 34, PageID.274. This argument is without merit. The Sixth Circuit holds that "[a] person convicted of a crime is 'dangerous,' and can thus be disarmed, if he has committed . . . a crime that inherently poses a significant threat of danger, including (but not limited to) drug trafficking and burglary." *Williams*, 113 F.4th at 663. Payne was convicted of felony narcotic possession and attempted to participate in

selling the narcotics to a confidential informant. ECF No. 24, PageID.146-47. Payne's drug trafficking, as well as the violence in his record (which includes his being accused of shooting and beating people), *id.* at PageID.154-53, supports the conclusion that Payne's prior conduct demonstrates his dangerousness. Indeed, the underlying facts of Payne's conviction involve his possessing the firearm while firing it in a public place—an unquestionably dangerous act. Under *Williams*, therefore, Payne is a dangerous felon to whom 18 U.S.C. § 922(g) lawfully applies.

Therefore, 28 U.S.C. § 2255 does not require the Court to vacate Payne's sentence. His Motion to Vacate, ECF No. 34, is **DENIED**.

**SO ORDERED.**

Dated: August 22, 2025         /s/Terrence G. Berg

HON. TERRENCE G. BERG
UNITED STATES DISTRICT JUDGE